UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| JOE WALLACE PEEPLES, III, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 7:19-cv-00022-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*** *** *** ***

Federal inmate Joe Wallace Peeples, III has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] [R. 1] This matter is before the Court to conduct the initial screening of the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court affords Peeples' petition a liberal construction because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985).

While on supervised release from federal prison sentences imposed for robbing banks in Ohio and Colorado, see *United States v. Peeples*, No. 1:10-CR-602-JLK-1 (D. Colo. 2010) and *United States v. Peeples*, No. 1: 12-CR-505-PAG-1 (N.D. Ohio 2012), in January 2017 Peeples robbed yet another bank in Rochester, New York of over $100,000.00. Peeples was immediately apprehended, and federal charges were filed shortly thereafter. Peeples represented himself during the federal prosecution and filed several pretrial motions, one of which contended that a magistrate judge "did not sign the jurat on Agent Fleitman's affidavit," allegedly rendering the

---

[1] Peeples did not pay the $5.00 filing fee required by 28 U.S.C. § 1914 or file a motion to proceed *in forma pauperis*. Peeples must pay the required fee within twenty-one (21) days.

criminal complaint against him invalid. In a January 2018 Order, the trial court rejected this contention as factually and legally baseless. Following a five-day trial, a jury found Peeples guilty on all three counts of the indictment. In July 2018, the trial court sentenced Peeples to a combined term of 240 months imprisonment. *United States v. Peeples*, No. 6:17-CR-6032-FPG-JWF (W.D.N.Y. 2017).[2] Peeples filed a notice of appeal, and as of this writing, his appeal remains pending before the United States Court of Appeals for the Second Circuit. *Peeples v. United States*, No. 18-2309 (2d Cir. 2018).[3]

In his petition Peeples reiterates the same claim asserted and rejected by the trial court: that his conviction is void because the "Affidavit in Support of Criminal Case" filed in his criminal proceedings was not properly signed under oath by the magistrate judge. [R. 1] The Court does not reach the merits of this argument because Peeples' claim is not of the kind that may be pursued in a petition filed pursuant to 28 U.S.C. § 2241. A federal prisoner must present a challenge to the legality of his federal conviction or sentence by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may generally not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

As a preliminary matter, it is too early for Peeples to seek relief under § 2255, let alone § 2241, because his direct appeal is still pending. *Smith v. United States*, 89 F.3d 835 (6th Cir.

---

[2] Documents attached to the petition are from *United States v. Peeples*, No. 6:17-mj-502 (W.D.N.Y. 2017), see [R. 1-1 at Page ID #9-11], and *United States v. Peeples*, No. 6:17-CR-6032-FPG-JWF (W.D.N.Y. 2017), see [R. 1-1 at Page ID #12-19]. These are the same case: the two proceedings were merged on February 24, 2017.

[3] In separate proceedings Peeples was also sentenced to an additional 24 months imprisonment for violating the terms of his supervised release for his two prior bank robberies. *United States v. Peeples*, No. 6: 17-CR-6009-FPG (W.D.N.Y. 2017); *United States v. Peeples*, No. 6: 17-CR-6010-FPG (W.D.N.Y. 2017).

2

1996) (unpublished disposition) (noting that the "well established general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending.") (*quoting United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993)). Peeples must complete the appellate process before seeking relief via § 2255, a step he must take before he may make even a colorable argument for the availability of a remedy under § 2241. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *White v. Grondolsky*, No. 6: 06-309-DCR, 2006 WL 2385358, at *3 (E.D. Ky. Aug. 17, 2006).

Even then, Peeples claims ordinary trial error, a claim that cannot be pursued under § 2241 because the remedies afforded by direct appeal and motion under § 2255 are not "inadequate and ineffective" to assert it. *Perez-Ortiz*, 2018 WL 5734583, at *2 (6th Cir. July 6, 2018) (noting that relief under § 2241 is unavailable where "the grounds for relief raised in the petition were merely reassertions of issues that Perez-Ortiz had already unsuccessfully raised in his § 2255 motion or were claims of trial error that should have been raised on direct appeal or in his § 2255 motion."); *Vassell v. Perez*, 53 F. App'x 348 (6th Cir. 2002); *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014); *Donnell v. DeChristoforo*, 416 U.S. 637 (1974).

Accordingly, **IT IS ORDERED** that:

1.  Joe Peeples' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2.  This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 4th day of March, 2019.

Gregory F. Van Tatenhove
United States District Judge